

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2010

# In Re: Tormu Prall

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-1571

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: Tormu Prall " (2010). *2010 Decisions.* Paper 1470.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1470

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1571
_____

IN RE: TORMU E. PRALL,

Petitioner

_____

On Petition for a Writ of Mandamus from the
United States District Court for the
District of New Jersey
(Related to D.N.J. Crim. No. 08-mj-01127)

_____

Submitted Under Rule 21, Fed. R. App. P.
March 31, 2010
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

(Opinion filed; April 21, 2010)
_____

OPINION
_____

PER CURIAM.

Tormu E. Prall, an inmate in the State of New Jersey, seeks a writ of

mandamus that would compel the United States District Court for the District of New

Jersey to

> declare and take notice under F.R.E. 201 that: (a) Counts I
> and II prohibit application of [18 U.S.C.] § 1073 to the
> plaintiff; (b) no arrest warrant exists against the plaintiff in

> Morrisville, Pennsylvania ...; and (c) police in Massachusetts and Rhode Island falsely charged plaintiff with crimes once they learned he passed through those states.

Mandamus Pet. at Prayer for Relief.

Prall was charged in the District of New Jersey by Criminal Complaint in August 2008 with violating 18 U.S.C. § 1073 by traveling across state lines to avoid prosecution in Mercer County, New Jersey, on a charge of homicide. (See D.N.J. Crim. No. 08-mj-01127.) However, on September 24, 2008, the District Court granted the government's motion to dismiss the Criminal Complaint and closed the case. (See id. at docket # 3.)

"Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks and punctuation omitted).

Because the criminal proceeding in the District of New Jersey has been dismissed, there is no basis for Prall's mandamus request. We will deny the petition.

2